No. 743

## LAKE SHORE ELECTRIC RY. CO.

### v. POYER

Ohio Appeals, 6th Dist., Erie Co.

No. 251. Decided Sept. 23, 1927.

First Publication of this Opinion.

301. CONTRIBUTORY NEGLIGENCE — Truck driver, who drives upon track when approaching interurban car is within ten feet of him, is guilty of contributory negligence.

753. MEASURE OF DAMAGES—Where evidence shows that party injured in collision was taken to doctor's office immediately after injury and thereafter doctor visited at his home on only two occasions, verdict of $6,000 for damages is excessive.

874. ORDINANCES—451. Electric Railways—Ordinance limiting speed of interurban car to six miles an hour, valid.

Error to Common Pleas.

Judgment reversed.

King, Ramsey & Flynn, Sandusky, for Railway Co.

Krueger & Rosino, Sandusky, for Poyer.

RICHARDS, J.

This is an action to recover damages for personal injury and for damage to a truck and its contents. The collision between the truck and the baggage car of the railway company occurred in the Village of Vermilion, at or near the intersection of Liberty and Water Streets. The trial resulted in a verdict and judgment in favor of the plaintiff in the amount of $6,000.

It is urged that the judgment must be reversed for the reason that it is against the weight of the evidence, because there is error in the charge, and the damages awarded are excessive.

An ordinance of the village of Vermilion, limiting the speed of electric cars to six miles per hour, was pleaded and introduced in evidence. The railroad company contends that the ordinance is unreasonable and therefore invalid. We think no error was committed in sustaining the validity of the ordinance limiting the rate of speed to six miles per hour, the collision occurring at the intersection of streets which are very much traveled and at a point located within a short distance from the center of the village.

The court charged the jury that the violation of the ordinance by the railroad company, would be negligence per se. The testimony is in conflict as to the rate of speed at which the interurban car was traveling, but it is conceded to have been traveling more than six miles an hour at the time of the collision. The evidence is in conflict as to other charges of negligence, made against defendant, and we cannot say that a finding by the jury that the defendant was negligent is not sustained by sufficient evidence.

The vital and serious question in this case relates to the claim that the plaintiff was himself guilty of contributory negligence directly causing his own injury. The collision occurred in broad daylight when the interurban car was approaching him. The physical facts, shown by the evidence, would seem to refute the claim that buildings along the north side would be an obstruction to seeing an interurban car approaching from the west within 200 feet or more, but it may be that the low-hanging branches of the trees in front yards created some obstruction to the view. Aside from the evidence of the plaintiff, the extent of the obstruction, by the trees, to the vision of a person whose head was as high from the ground as it would be in operating a truck, does not appear. Because of the curve in the track and in the street, and of the testimony relating to more or less obstruction on account of low hanging branches of trees, we cannot say, as a matter of law, that the plaintiff was guilty of contributory negligence, but we are of the opinion, under the evidence, that a finding by the jury that he was free from negligence directly contributing to his own injury is clearly and manifestly against the weight of the evidence.

After crossing the bridge, the plaintiff could have turned to the left into Water Street or could have continued along to his right following a slight bend in the street to the north. He did, in fact, turn to the left on to the track when the car was only a few feet distant from him, and then, seeing the interurban car approaching, attempted to hurriedly turn the front of his truck to the right.

The evidence discloses that the plaintiff was taken to a doctor's office immediately after the injury and that, thereafter, the doctor visited at his home on two occasions only. The court is of the opinion that the amount awarded as damages is very high.

Finding that the verdict and judgment are contrary to the weight of the evidence on the subject of contributory negligence, the judgment will be reversed and the cause remanded for a new trial.

(Williams and Lloyd, JJ., concur.)